[Cite as *State v. Rodgers*, 2017-Ohio-8211.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Craig R. Baldwin, J.<br>Hon. Earle E. Wise, Jr., J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 17-CA-23 |
| JORDAN RODGERS | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County Common Pleas Court, Case No. 16 CR 634

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     October 13, 2017

APPEARANCES:

For Plaintiff-Appellee

WILLIAM C. HAYES
Licking County Prosecutor

By: PAULA M. SAWYERS
Assistant Prosecuting Attorney
20 S. Second Street, Fourth Floor
Newark, Ohio 43055

For Defendant-Appellant

KATHERINE L. WOLFE
Wolfe Law Group, LLC
1350 W. 5th Ave., Suite 124
Columbus, Ohio 43212

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Jordan Rodgers appeals his conviction and sentence entered by the Licking County Court of Common Pleas, on one count of weapons under disability, one count of improperly handling firearms in a motor vehicle, one count possession of drug paraphernalia, and one count of possession of marijuana, after the trial court found him guilty following its acceptance of his no contest plea. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE AND FACTS

**{¶2}** On October 14, 2016, the Newark Police Department issued a Criminal Complaint/Arrest Warrant, charging Appellant with weapons under disability, in violation of R.C. 2923.13(A)(2)(B), a felony of the third degree. The Licking County Grand Jury subsequently indicted Appellant on one count of having weapons under disability, in violation of R.C. 2923.13(A)(2)(B), a felony of the third degree; one count of improperly handling firearms in a motor vehicle, in violation of R.C. 2923.16(B)(I), a felony of the fourth degree; one count of possession of drug paraphernalia, in violation of R.C. 2925.14 (C)(1)(F)(1), a misdemeanor of the fourth degree; and one count of possession of marijuana, in violation of R.C. 2925.11(A)(C)(3)(a), a minor misdemeanor.

**{¶3}** Appellant appeared before the trial court for arraignment on November 1, 2016, and entered a plea of not guilty to the Indictment. Appellant filed a motion to suppress, arguing the officer lacked a reasonable, articulable suspicion of criminal activity to justify the initial seizure; therefore, the evidence obtained therefrom should be

suppressed.  The trial court conducted a hearing on Appellant's motion on February 10, 2017.

{¶4}    The following evidence was adduced at the hearing.

{¶5}    On October 12, 2016, Wendy Faine filed a report of a stolen firearm with the Newark Police Department.  The following day, Faine arrived at the police department and informed Officer Mike Massaro she believed her nephew, Jacob Faine-Carpenter, stole the firearm.  Faine was in possession of Faine-Carpenter's cell phone, and observed pictures of her nephew holding the firearm.  Faine showed Officer Massaro screen shots of the pictures.  The pictures were included in text messages between Faine-Carpenter and Appellant, in which the two discussed the firearm prior to Faine-Carpenter going to jail.  Faine-Carpenter was scheduled to be released from jail later that day.  He was asked to come to the police department to answer questions regarding the stolen firearm.  During the questioning, Faine-Carpenter admitted taking the firearm from Faine's residence and giving it to Appellant to hold while he was in jail.

{¶6}    Police set up a recorded phone call between Faine-Carpenter and Appellant.  During the conversation, Appellant acknowledged being in possession of the firearm.  Appellant told Faine-Carpenter he would deliver the firearm to Faine-Carpenter's house and leave it in his car.  Officer Massaro contacted Sergeant Snow, who proceeded to the area with other detectives to wait for Appellant.  Appellant never arrived with the firearm.

{¶7}    During a review of Faine-Carpenter's phone, police learned Appellant's girlfriend, Naudika Brisker, had sent Faine-Carpenter a text message while he was in jail.  Brisker stated she and Appellant broke up "[a]nd to never let him hold your gun again he

put a built [sic] in it and had it to my head." Transcript of Suppression Hearing at 15. Brisker also told Faine-Carpenter Appellant was "gone chalk your gun but he's been carrying around walking around with your gun acting like hes [sic] somebody." *Id.*

**{¶8}** Police set up another recorded call between Faine-Carpenter and Appellant. The two agreed to meet at Appellant's residence located at 151 ½ N. Cedar Street in Newark. Sergeant Snow and other officers began surveillance of Appellant's residence. Officer Massaro contacted the Prosecutor's Office to prepare a search warrant. Sergeant Snow advised Officer Massaro Appellant had left his residence and driven away. Officers initiated a stop and Appellant was arrested. A search of Appellant's vehicle produced a black bag containing ammunition and the handgun Faine had reported stolen.

**{¶9}** Via Judgment Entry filed February 15, 2017, the trial court denied Appellant's motion to suppress, finding officers had probable cause for the warrantless arrest of Appellant based upon the totality of the facts. On February 23, 2017, Appellant waived his right to a jury trial and entered a plea of no contest to the charges. The trial court accepted Appellant's plea, found him guilty, and ordered a presentence investigation.

**{¶10}** The trial court conducted a sentencing hearing on March 28, 2017. The trial court merged Counts 1, weapons under disability, and 2, improperly handling firearms in a motor vehicle, for purposes of sentencing; imposed an eighteen month term of incarceration on Count 1; and a thirty day term of incarceration on Count 3, possession of drug paraphernalia. The trial court ordered the sentences for Counts 1 and 3 be served concurrently, and credited Appellant with time served. The trial court also imposed the

1,426 days of post-release control remaining from Appellant's 2011 conviction for aggravated burglary, and ordered such to be served consecutively to the sentence imposed in the instant action.  The trial court memorialized Appellant's conviction and sentence in a judgment entry filed March 28, 2017.

{¶11}  It is from his conviction and sentence Appellant appeals, assigning as error:

I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS FINDING THAT THE WARRANTLESS ARREST OF APPELLANT WAS JUSTIFIED

I

{¶12}  Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. *State v. Long* (1998), 127 Ohio App.3d 328, 713 N.E.2d 1. During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks,* (1996), 75 Ohio St.3d 148, 661 N.E.2d 1030. A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Metcalf* (1996), 111 Ohio App.3d 142, 675 N.E.2d 1268. Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State v. Williams* (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141.

**{¶13}** There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this third type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. *See State v. Fanning* (1982), 1 Ohio St.3d 19, 1 OBR 57, 437 N.E.2d 583; *State v. Williams* (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141; *State v. Curry* (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; *State v. Claytor* (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; *State v. Guysinger* (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. The United States Supreme Court has held that "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." *Ornelas v. U.S.* (1996), 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911.

**{¶14}** Appellant argues the trial court incorrectly determined the officer had a reasonable, articulable suspicion of ongoing criminal activity on the part of Appellant to justify the warrantless search. We disagree.

**{¶15}** When a vehicle is stopped for the purpose of effecting an immediate, warrantless arrest, police must have probable cause for the stop and the arrest. *State v. Reed*, 5th Dist. 16CA50, 2017-Ohio-2644; *State v. Young,* 6th Dist. No. E–04–013, 2005–Ohio–3369 at ¶ 20. The test for probable cause to justify an arrest is "whether at that moment the facts and circumstances within [the officers'] knowledge and of which they

had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [arrestee] had committed or was committing an offense." *Beck v. Ohio* (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142. In determining whether probable cause to arrest existed, a reviewing court should examine the "totality of the circumstances." *Illinois v. Gates* (1983), 462 U.S. 213, 230–231, 103 S.Ct. 2317, 76 L.Ed.2d 527. Probable cause is a lesser standard of proof than that required for a conviction, such as proof beyond a reasonable doubt or by a preponderance of the evidence. *State v. Young* (11th Dist.2001), 146 Ohio App.3d 245, 254, 765 N.E.2d 938.

**{¶16}** Appellant was convicted of weapons under disability, in violation of R.C. 2923.13(A)(2)(B), which provides:

(A) Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

\* \* \*

(2) The person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence.

\* \* \*

(B) Whoever violates this section is guilty of having weapons while under disability, a felony of the third degree.

**{¶17}** In 2011, Appellant was convicted of aggravated burglary, which is a felony of violence; therefore, Appellant was prohibited from carrying a firearm until the disability was removed by operation of law or legal process. Officer Massaro testified he was familiar with Appellant as a result of the 2011 conviction and was aware Appellant was under a disability.

**{¶18}** Text messages from Appellant's girlfriend to Faine-Carpenter revealed Appellant was in possession of the firearm and was carrying it around on his person. In addition, during the recorded phone calls, Appellant admitted on two occasions he had the firearm. After Appellant failed to meet Faine-Carpenter as originally planned, Appellant told Faine-Carpenter he was at home and instructed Faine-Carpenter to come over to retrieve the firearm. Officer Massaro had evidence Appellant was in violation of R.C. 2923.13(A)(2)(B), as Appellant knowingly acquired the firearm from Faine-Carpenter. Therefore, we find Officers had probable cause to arrest Appellant.

**{¶19}** We find the totality of the circumstances in this case equate to probable cause for Appellant's arrest. "The principal components of a determination of reasonable suspicion or probable cause will be the events which occurred leading up to the stop or search, and then the decision whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to reasonable suspicion or to probable cause." *Ornelas v. United States*, 517 U.S. 690, 696, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). A police officer may draw inferences based on his own experience in deciding whether probable cause exists. *See, e.g., United States v. Ortiz*, 422 U.S. 891, 897, 95 S.Ct. 2585, 45 L.Ed.2d 623 (1975).

{¶20} Based upon the foregoing, we find the trial court did not err in overruling Appellant's motion to suppress.

{¶21} Appellant's sole assignment of error is overruled.

{¶22} Appellant's sole assignment of error is overruled and the judgment of the Licking County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Baldwin, J.  and

Wise, Earle, J. concur